UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHKAN ALASVAND,, <br><br>                   Plaintiff, <br>       v. <br><br> JULIE STUFFT, et al., <br><br>                   Defendant. | CASE NO. 2:25-cv-00058-JNW <br><br> SEALED ORDER GRANTING MOTION TO DISMISS |

  This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to FRCP 12(B)(6). For the following reasons, the motion should be granted.

  Plaintiff, Ashkan Alasvand, sues to require the State Department to "process his wife's visa application within fifteen (15) calendar days." His request fails for the reasons listed herein.

  First, Alasvand's wife, an Iranian national, has not yet executed a visa application which a consular officer can act upon. Alasvand's wife has become documentarily qualified, but is awaiting scheduling at Abu Dhabi. Scheduling for a necessary consular conference is to be arranged, which may take in excess of about 24 months after other qualifications. Mrs. Alasvand's wait is not unreasonable, and there is no duty for the State Department to take her case out of order. Such proceedings are "intricately interwoven with contemporary policies in

SEALED ORDER GRANTING MOTION TO DISMISS - 1

regard to the conduct of foreign relations and the war power." *Karimova v Abate,* No. 23-5178, 2024 WL 3517852 at *5 (D.C. Cir.) July 24, 2024.

The defense alleges that Alasvand's claims fail for three reasons. First, mandamus is not warranted as Defendants do not have a nondiscretionary duty to schedule Alasvand's wife for her consular interview to execute her immigrant visa application by a date certain. Second, Alasvand has failed to allege a plausible claim of unreasonable delay under the *TRAC* factors (*See* below), and Alasvand's request that his wife be placed at the front of the line is precluded. Lastly, Alasvand fails to state a cognizable constitutional claim for relief because he does not have a protected interest in the processing of his wife's immigrant visa case. The defense is correct on all counts.

The Ninth Circuit has adopted a six-factor test set forth in *Telecommunications Research & Action Center v. Federal Communications Commission* ("*TRAC*"), 750 F.2d 70, 79 (D.C. Cir. 1984) to determine whether agency action has been unreasonably delayed:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC* at 80 (internal citations and quotation marks omitted); see also *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022).

A plaintiff must allege facts in the complaint making a claim of unreasonable delay plausible under the *TRAC* factors to survive a motion to dismiss. *See Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 339 (D.C. Cir. 2023). Plaintiff here has not alleged such a claim, only relying on a lapse of time which, to Plaintiff, seems excessive. That showing is not sufficient under the first *TRAC* factor. There is no finding alleged in support of the second *TRAC* factor. The third *TRAC* factor is neutral – it requires a comparison of applicants alleging human health and welfare issues. The fourth and fifth *TRAC* factors also require additional comparative showings, which are lacking. The sixth *TRAC* factor only, is arguably supportive of Plaintiff's position. Plaintiff shows no substantial support in the *TRAC* factors.

It is no wonder that United States federal policies seem painfully slow, but there is no evidence shown here of unreasonable delay. Plaintiff's efforts to hasten Mrs. Alasvand's paperwork through this case fails.

Defendant's Motion to Dismiss Pursuant to FRCP 12(B)(6) (Dkt. 5) is GRANTED as to all of Plaintiff's claims because Plaintiff has failed to state a claim upon which relief can be granted. This case is hereby DISMISSED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of July, 2025.

ROBERT J. BRYAN
United States District Judge

- 3